IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CUMBERLAND CASUALTY & SURETY COMPANY,

Plaintiff,

v.

THE UNITED STATES

Defendant.

No. 94-366C
(Judge Merow)

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO**
**DISCOVERY DEADLINES SET FORTH IN APRIL 11, 2005 ORDER**

COMES NOW Plaintiff, Cumberland Casualty & Surety Company, by counsel, and pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims, respectfully requests that each of the deadlines set forth in the Court's April 11, 2005 Order be extended by sixty (60) days as set forth below. Counsel for Plaintiff has attempted to contact Defendant, but has been unable to do so. The reason for the requested extension is as follows:

Subsequent to the issuance of this Court's February 23, 2004 Order, Plaintiff's counsel received an Order dated March 3, 2004 from the Circuit Court of the Second Judicial Circuit in Florida entitled *Consent Order Appointing the Florida Department of Financial Services as Receiver for Purposes of Rehabilitation, Injunction and Notice of Automatic Stay*. In this Order, the Department of Financial Services of the State of Florida was appointed Receiver of Plaintiff herein for purposes of rehabilitation pursuant to Section 631.051, Florida Statutes. The Order states that pursuant to Section

631.041(1), Florida Statutes, the petition for rehabilitation operates as an automatic stay to certain actions involving Plaintiff.

Plaintiff's counsel is currently investigating whether the automatic stay under Section 631.041(1), Florida Statutes, embodied in the Florida Court Order is applicable to the instant action. In this regard, Plaintiff's counsel has provided the Receiver with a report of the pending case, and is awaiting further instructions. Accordingly, the requested extension is to allow Plaintiff an opportunity to assess the impact, if any, of the March 3, 2004 Florida Court Order on further proceedings in this case, and pending the evaluation of the Receiver and to allow the parties time to proceed with additional pretrial activity. Should it be determined that the automatic stay applies to this matter, Plaintiff will so advise the Court and Defendant immediately. Additionally, the parties have engaged in settlement discussions, and the extension will provide the parties an opportunity to attempt to resolve this matter. Further, Defendant has recently changed counsel, and the extension will provide an opportunity for Plaintiff's counsel to confer with new counsel towards resolution of the matter, or in establishing a new schedule going forward.

Accordingly, Plaintiff requests the deadlines to be extended by 60 days from the date hereof, as follows:

(1) The pretrial activity concerning damages shall be completed by September 2, 2005, which requires the Plaintiff to submit schedules to Defendant by August 6, 2005;

(2) That during the period up to September 2, 2005, additional fact discovery may also be initiated;

(3) That expert witnesses be identified on or before September 13, 2005, and expert discovery completed by October 15, 2005; and

(4) At the close of all discovery on October 15, 2005, counsel shall file a status report proposing a schedule for further activity in this matter.

**Dated: June 7, 2005.**

Respectfully submitted,

s/Robert G. Watt

Robert G. Watt, Esquire
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
rwatt@wthf.com
Tel: (703) 749-1000
Fax: (703) 893-8029

Counsel for Plaintiff
Cumberland Casualty and Surety Company

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 7th day of June 2005, I caused to be placed in the United States mail (first-class mail, postage paid) copies of Plaintiff's Motion for Extension of Time to Discovery Deadlines Set Forth in April 11, 2005 Order to the following:

Leslie Cayer Ohta
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

/s Robert G. Watt
Robert G. Watt