IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CUMBERLAND CASUALTY & SURETY COMPANY,<br><br>Plaintiff, | ) | |
| v. | ) | No. 94-366C<br>(Judge Merow) |
| THE UNITED STATES<br><br>Defendant. | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO**
**DISCOVERY DEADLINES SET FORTH IN OCTOBER 31, 2006 ORDER**

COMES NOW Plaintiff, Cumberland Casualty & Surety Company, by counsel, and pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims, respectfully requests that each of the deadlines set forth in the Court's October 31, 2006 Order be extended by ninety (90) days as set forth below. The reason for the requested extension is as follows:

Subsequent to the issuance of this Court's February 23, 2004 Order, Plaintiff's counsel received an Order dated March 3, 2004 from the Circuit Court of the Second Judicial Circuit in Florida entitled *Consent Order Appointing the Florida Department of Financial Services as Receiver for Purposes of Rehabilitation, Injunction and Notice of Automatic Stay*. In this Order, the Department of Financial Services of the State of Florida was appointed Receiver of Plaintiff herein for purposes of rehabilitation pursuant to Section 631.051, Florida Statutes. The Order states that pursuant to Section

631.041(1), Florida Statutes, the petition for rehabilitation operates as an automatic stay to certain actions involving Plaintiff.

Plaintiff's counsel is currently investigating whether the automatic stay under Section 631.041(1), Florida Statutes, embodied in the Florida Court Order is applicable to the instant action. In this regard, Plaintiff's counsel has provided the Receiver with a report of the pending case, and is awaiting further instructions. Accordingly, the requested extension is to allow Plaintiff an opportunity to assess the impact, if any, of the March 3, 2004 Florida Court Order on further proceedings in this case, and pending the evaluation of the Receiver and to allow the parties time to proceed with additional pretrial activity. Should it be determined that the automatic stay applies to this matter, Plaintiff will so advise the Court and Defendant immediately. Additionally, the parties have engaged in settlement discussions, and the extension will provide the parties an opportunity to attempt to resolve this matter.

Moreover, as of November 17 Vivian Katsantonis has been placed on bed rest due to medical complications with her pregnancy. As a result, plaintiff requires additional time to obtain assistance from another attorney to facilitate the case.

Accordingly, Plaintiff requests the deadlines to be extended by 90 days from the date hereof, as follows:

(1) The pretrial activity concerning damages shall be completed by April 5, 2007, which requires the Plaintiff to submit schedules to Defendant by March 9, 2007;

(2) That during the period up to April 5, 2007, additional fact discovery may also be initiated;

(3) That expert witnesses be identified on or before April 12, 2007, and expert discovery completed by May 10, 2007; and

(4) At the close of all discovery on May 10, 2007, counsel shall file a status report proposing a schedule for further activity in this matter.

**Dated: December 8, 2006.**

Respectfully submitted,

s/Robert G. Watt

Robert G. Watt, Esquire
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
rwatt@wthf.com
Tel: (703) 749-1000
Fax: (703) 893-8029

Counsel for Plaintiff
Cumberland Casualty and Surety Company

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 8th day of December 2006, I caused to be placed in the United States mail (first-class mail, postage paid) copies of Plaintiff's Motion for Extension of Time to Discovery Deadlines Set Forth in the October 31, 2006 Order to the following:

Leslie Cayer Ohta
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

/s Robert G. Watt
Robert G. Watt