**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CUMBERLAND CASUALTY & SURETY COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 94-366C** |
| | ) | **(Judge Merow)** |
| **THE UNITED STATES** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF CUMBERLAND CASUALTY AND SURETY COMPANY'S**
**PARTIAL MOTION FOR SUMMARY JUDGMENT**

Plaintiff Cumberland Casualty and Surety Company ("Cumberland") by counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Rules of the United States Court of Federal Claims, moves this Court for an order granting Plaintiff's Partial Motion for Summary Judgment, finding Defendant the United States, through the Department of the Navy, (the "Government"), liable for the remission of improperly withheld liquidated damages, for the reasons set forth below and as set forth in further detail in Cumberland's Memorandum in Support of this Motion, which is incorporated by this reference as set forth fully herein.

Based on the undisputed facts, Cumberland, as performing surety, is entitled, as a matter of law, to remission of Contract Balances improperly withheld as alleged liquidated damages for delay with respect to a contract for the construction of a Naval and Marine Corps Reserve Training Center in Miami, Florida (the "Project"). AEC Corporation ("AEC"), the contractor on the Project, and Cumberland's bond principal, was default terminated by the Government on or about April 22, 1991. Under its performance bond and a related takeover agreement with the

Government, Cumberland then completed performance of AEC's Contract, and the Government took beneficial occupancy no later than October 9, 1991.

There is no dispute that, as conclusively established by prior decision of the ASBCA, the Government is responsible for not less than 74 days of delay in completion of the Project and that AEC is entitled to a corresponding time extension. It is also beyond contention that, notwithstanding Cumberland's completion of the contract work, the Government withheld approximately $419,068 in Contract Balances from Cumberland for 219 days of alleged delay, which included the 74 days as to which the ASBCA ruled that AEC was entitled to a time extension, as liquidated damages.

As a matter of law, where the Government is responsible, in whole or in part, for delaying performance beyond the contract completion date, the Government waives its right to assess liquidated damages. Therefore, the Government's withholding of contract balances as alleged liquidated damages for delay is improper. Cumberland, as completing surety, and in accordance with its rights of equitable subrogation, is entitled to remission of the entire amount of $419,068 improperly withheld as liquidated damages, plus interest from November 8, 1991, thirty (30) days after the date the Government concedes it took beneficial occupancy of the Project. Alternatively, at minimum, the Government's withholding of $162,800.00 in contract balances for the 74 days as to which AEC was entitled to a time extension is improper and Cumberland is therefore entitled to remission of liquidated damages in that amount, plus interest from November 8, 1991.

WHEREFORE, for the foregoing reasons, Plaintiff Cumberland Casualty and Surety company respectfully requests that its Partial Motion for Summary Judgment be granted, and that the Court grant any other further relief it deems just and proper.

**Dated: December 21, 2007**

Respectfully submitted,

s/Robert G. Watt

Robert G. Watt, Esquire
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
rwatt@wthf.com
Tel: (703) 749-1000
Fax: (703) 893-8029

Counsel for Plaintiff
Cumberland Casualty and Surety Company

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CUMBERLAND CASUALTY & SURETY COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 94-366C** |
| | ) | **(Judge Merow)** |
| **THE UNITED STATES** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF CUMBERLAND CASUALTY AND SURETY COMPANY'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

Respectfully Submitted By:

Vivian Katsantonis, Esq.
Watt, Tieder, Hoffar & Fitzgerald, LLP
8405 Greensboro Drive, Suite 100
McLean, VA 22102
(703) 749-1000 Telephone
(703) 893-8029 Facsimile

Attorneys for Plaintiff Cumberland Casualty & Surety Company

December 21, 2007.

# TABLE OF CONTENTS

**I. STATEMENT OF QUESTIONS INVOLVED** ........ 1

**II. STATEMENT OF THE CASE** ........ 1

**A. Background** ........ **1**

**B. Procedural History** ........ **2**

**1. AEC Appeal of the Contracting Officer's Decision to Terminate the Contract** .... 2

**2. Cumberland's Lawsuit** ........ 3

**C. The Government's Withholding of Liquidated Damages** ........ **4**

**III. ARGUMENT** ........ 5

**A. Standard for Summary Judgment** ........ **5**

**B. The Government Improperly Continues to Withhold Contract Balances as Alleged Liquidated Damages Notwithstanding AEC's Indisputable Entitlement to Corresponding Time Extensions** ........ **7**

**1. The Government's Delay Results in a Total Waiver of any Right to Assess Liquidated Damages under the Rule Against Apportionment** ........ 7

**2. At Minimum, the Government's Indisputable Responsibility for 74 Days of Delay Renders Improper Its Withholding of Liquidated Damages for All Such Days** ........ 10

**C. The Government Must Pay the Improperly Withheld Contract Balances to Cumberland** ........ **11**

**1. Cumberland Is Entitled to the Improperly Withheld Contract Balances under the Doctrine of Equitable Subrogation** ........ 11

**i. Cumberland May Enforce Its Rights of Equitable Subrogation in this Court** ..... 11

**ii. Cumberland Is Equitably Subrogated to the Government's Rights and therefore Has a Superior Right to the Unpaid Contract Balances** ........ 12

**iii. Cumberland Is Also Equitably Subrogated to the Rights and Claims** .......... 14

**2. The Takeover Agreement Acknowledged and Preserved Cumberland's Rights to Challenge the Amount of Remaining Contract Balances and any Offsets Asserted by the Government** ........ 15

**IV. CONCLUSION** ........ 16

**VI. REQUEST FOR ORAL ARGUMENT** ........ 17

**VII. APPENDIX** ........ 19

| Ex. #/Tab | Contents | Page Number |
|---|---|---|
| 1. | Complaint | 1 |
| 2. | Answer | 12 |
| 3. | Takeover Agreement | 19 |
| 4. | Nov. 20, 2002 Decision of the ASBCA in the AEC action | 23 |
| 5. | Cumberland's Request for a Contracting Officer's Final Decision | 32 |
| 6. | August 14, 1998 Decision of the ASBCA | 45 |
| 7. | Government's Appeal to the United States Court of Appeals for the Federal Circuit | 93 |
| 8. | Decision of the United States Court of Appeals for the Federal Circuit | 95 |
| 9. | Contracting Officer's Final Decision | 109 |
| 10. | Order Staying Cumberland Action | 119 |
| 11. | Order Re-opening Fact Discovery | 120 |
| 12. | Contract between AEC and the Government, section § 01011, ¶ 5 | 122 |

## TABLE OF AUTHORITIES

### FEDERAL CASES

Acme Process Equip. v. United States, 347 F.2d 509, 535 (Ct. Cl. 1965) . ....................... 8

Aetna Cas. & Sur. Co. v. United States, 845 F.2d 971, 974 (Fed. Cir. 1988) ............12, 13

Admiralty Constr., Inc. by Nat'l Am.. Ins. Co. v. Dalton, 156 F.3d 1217, 1221, 1222 (Fed. Cir. 2001)..........................................................................12, 14

American Pelagic Fishing Co. v. United States, 379 F.3d 1363, 1370-71 (Fed. Cir. 2004) ..........................................................................................5

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 49, 50 (1986).............................6

Appeal of Allee Constr. Co., PSBCA 2462, 90-2 BCA 22770 (1990) ..............................7

Appeal of Fireman's Fund Ins. Co. , 2000 WL 246620 (A.S.B.C.A. Feb 28, 2000).........12

Appeal of R.M. Cantrell & Sons, ASBCA No. 7680, 1962 WL 569 (1962) ...................10

Balboa Ins. Co. v. United States, 775 F.2d 1158, 1161 (Fed. Cir. 1985).........................12

Dependable Ins. Co. v. United States, 846 F.2d 65, 67 (Fed. Cir. 1988) .........................13

DWS, Inc. v. United States, 18 Cl. Ct. 453, 461 (1983) ..................................................10

Ins. Co. of the West v. United States, 243 F.3d 1367, 1370 (Fed. Cir. 2001).............12, 14

Manufacturers Cas. Ins. Co. v. United States, 63 F.Supp. 759, 760, 761 (Ct. Cl. 1946) ..........................................................................................14, 15

Morganti Nat'l Inc. v. United States, 49 Fed. Cl. 110, 140 (2001) .................................10

Moyer Bros. v. United States, 156 Ct. Cl. 120 (1962) .......................................................9

Nat. Sur. Corp. v. United States, 102 Fed. Cl. 671, (Ct. Cl. 1944)...................................13

Pearlman v. Reliance Ins. Co., 371 U.S. 132, 138 (1962) ...............................................13

PCL Constr. Servs. v. United States, 53 Fed. Cl. 479, 487 (Ct. Cl. 2002) .........................9

System Fuels, Inc. v. United States, 66 Fed. Cl. 722, 727, 728 (Ct. Cl. 2005) ...............5, 6

Transamerica Ins. Co. v. United States, 31 Fed. Cl. 532, 535 (Fed. Cl. 1994)............12, 14

United States Fidelity & Guar. Co. v. United States, 475 F.2d 1377, 1383 (Cl. Ct. 1973) ..........................................................................................................................13

United States Fire Ins. Co. v. United States, 61 Fed. Cl. 494, 499 (Fed. Cl. 2004) ..........12

United States v. United Eng'g & Constructing Co., 234 U.S. 236, 242 (1914) .................7

United States v. Utah Constr. & Mining Co., 384 U.S. 394, 418-23 (1966) ......................9

Westech Corp. v. United States, 20 Cl. Ct. 745, 749 (Cl. Ct. 1990).................................14

Youngdale & Sons Constr. Co. v. United States, 27 Fed. Cl. 516, 564-565 (1993) ..........................................................................................................8, 9, 10

**FEDERAL STATUTES**

FED. R. CIV. P. 56..........................................................................................................5

40 U.S.C. § 270 (a) ..........................................................................................................1

## I. STATEMENT OF QUESTIONS INVOLVED

Whether Cumberland, as performing surety, is entitled to the remission of Contract Balances wrongfully withheld by the Government as alleged liquidated damages for delay notwithstanding the contractor AEC's clear entitlement to time extensions resulting from delays by the Government, as conclusively established by prior decision of the Armed Services Board of Contract Appeals.

## II. STATEMENT OF THE CASE

### A. Background

In the fall of 1989, the United States Department of the Navy (the "Government"), through the Small Business Administration, awarded Contract No. N62467-88-C-0646 (the "Contract") to AEC Corporation ("AEC") for the construction of a Naval and Marine Corps Reserve Training Center in Miami, Florida (the "Project"). See Plaintiff's Proposed Findings of Uncontroverted Fact ("PPF") ¶ 1. Pursuant to the terms and conditions of the Contract, AEC was required to provide Payment and Performance Bonds for the Project. PPF ¶ 2. Thus, on or about August 16, 1989, Cumberland Casualty and Surety Company ("Cumberland") issued the required bonds, pursuant to the Miller Act, 40 U.S.C. § 270 (a). PPF ¶ 3. AEC commenced performance of the Contract work on or about September 4, 1989. PPF ¶ 4. On or about April 22, 1991, the Government terminated AEC's Contract for default. PPF ¶ 5.

Upon termination, the Government made demand upon Cumberland, as surety, to complete the Project in accordance with the terms of the Performance Bond; and on May 2, 1991, Cumberland entered into a Takeover Agreement with the Government for completion of the Project. PPF ¶¶ 6, 7. Pursuant to the terms of the Takeover Agreement executed between

Cumberland and the Government, and as completing surety, Cumberland is entitled to all unpaid Contract Balances and is subrogated to all rights and claims of both the Government and AEC. PPF ¶ 8. In the Takeover Agreement, Cumberland agreed to complete the work in accordance with the terms of the underlying Contract conditioned upon payment of the Contract Balances, and among other things, an express reservation of AEC's claims and defenses as set forth in the underlying Contract. PPF ¶ 9. Cumberland further expressly reserved its rights to challenge the Government's set-off assessments against unpaid Contract balances. PPF ¶ 10. Cumberland completed the Contract work no later than October 1991, and the Government took beneficial occupancy of the Project by no later than October 9, 1991. PPF ¶ 11. In completing performance of the Contract work, Cumberland incurred costs and damages well in excess of the amount withheld as liquidated damages. PPF ¶ 12.

### B. Procedural History

#### 1. AEC Appeal of the Contracting Officer's Decision to Terminate the Contract

On May 9, 1991, AEC appealed the Contracting Officer's Final Decision terminating AEC for default to the ASBCA (the "AEC action"). PPF ¶ 13. The ASBCA conducted hearings on the matter in June of 1995, and the parties submitted Post-Trial briefs on or about December 20, 1995. PPF ¶ 14. On August 14, 1998, the Board issued its decision (the "August 14, 1998 Decision"), concluding that the Government's default termination of AEC on April 22, 1991 was erroneous and converting the termination for default into a termination for the convenience of the Government. PPF ¶ 15. The Board ultimately found that because it could not be unequivocally established that AEC was unwilling or unable to perform the Contract, the termination was improper. PPF ¶ 16. The Board also ruled that AEC was entitled to substantial time extensions as a result of delays for which the Government was responsible. PPF ¶ 17.

Subsequently, the Government appealed the ASBCA's August 14, 1998 Decision to the United States Court of Appeals for the Federal Circuit, but only on the issue of whether the default termination was proper, based on allegations that AEC anticipatorily repudiated the Contract. PPF ¶ 18. Significantly, however, the Government did not appeal the ASBCA's determination that AEC was entitled to time extensions based on delays that were attributable to the Government. PPF ¶ 19. Indeed, the United States Court of Appeals decision, while finding that the contractor anticipatorily repudiated the Contract, acknowledged but did not disturb the ASBCA's finding that the Government was responsible for 74 days of delay. PPF ¶ 20. On or about September 25, 2000, the United States Court of Appeals for the Federal Circuit remanded the case to the ASBCA for further proceedings. PPF ¶ 21. The ASBCA issued a subsequent decision on November 20, 2002 which, among other things, confirmed its findings regarding AEC's entitlement to a time extension of not less than 74 days. PPF ¶ 22.

**2. <u>Cumberland's Lawsuit</u>**

In the interim, while AEC prosecuted its appeal before the ASBCA, Cumberland, pursuant to its Takeover Agreement with the Government and its rights of equitable subrogation, submitted a certified claim to the Government, for an equitable adjustment of the Contract price and compensable extensions of time, and requested a Contracting Officer's Final Decision. PPF ¶ 23. Cumberland's claim included a demand for the return of the remaining unpaid Contract Balances, totaling approximately $419,068. PPF ¶ 24. On or about October 12, 1993, Cumberland received a Contracting Officer's Final Decision, denying the majority of its claims, including the claim for remission of Contract Balances. PPF ¶ 25. As a result, Cumberland filed this action on or about June 3, 1994. PPF ¶ 26. On or about July 3, 1997, the Parties filed a Joint Motion to Stay the instant Action, pending the resolution of the separate AEC action. PPF

¶ 27. This Court granted the Parties' Motion on or about July 7, 1997. PPF ¶ 28. Following the ASBCA's decision and the related appeal in the AEC action, as discussed above, this Court reopened fact discovery in the instant matter by order dated February 23, 2004. PPF ¶ 29.

### C. The Government's Withholding of Liquidated Damages

The Contract between AEC and the Government provides that the Government may assess liquidated damages for delays not attributable to the Government and for which no time extension is warranted. PPF ¶ 30. Specifically, the Contract provides:

> If the Contractor fails to complete the work within the time specified in the contract, or any extension, the Contractor shall pay to the Government as liquidated damages, the sum of $2,200 for each calendar day of delay.

PPF ¶ 31.

Based on this liquidated damages provision, the Government assessed approximately $481,000 in liquidated damages against Cumberland as completing surety, for delays from March 3, 1991, the last contract completion date established by the Government, through October 9, 1991, the date upon which the Government concedes it took beneficial occupancy. PPF ¶ 32. Accordingly, the Government withheld the remaining $419,068 in Contract Balances as liquidated damages and asserted a claim against Cumberland for the remainder of approximately $65,322. PPF ¶ 33. In its August 14, 1998 Decision, however, the ASBCA ruled, among other things, that AEC was entitled to not less than a 74-day time extension, for the period between March 3, 1991 through May 16, 1991, as a result of delays attributable to the Government.[1] PPF ¶ 34. As such, at an absolute minimum, the Government improperly

[1] Notably, the Government's total assessment of liquidated damages for 219 days of delay includes 145 days following its termination of AEC and including the period during which Cumberland took over the Project and completed the work. Only the pre-termination delays were litigated in the prior AEC matter before the ASBCA, and therefore, only the responsibility for the first 74 days of the alleged delays, which the ASBCA considered and ruled to be

withheld approximately $162,800.00 (74 days x $2,200.00/day) in liquidated damages, not including interest. PPF ¶ 35. The Government has failed to remit any portion of the Contract Balances withheld as liquidated damages to either AEC or Cumberland. PPF ¶ 36. Cumberland now seeks remission of the Contract Balances wrongfully withheld and properly due and owing the surety.

## III. ARGUMENT

Based on the undisputed facts, as conclusively established by the August 14, 1998 final Decision by the ASBCA, the Government is responsible for delaying AEC's performance of the Contract work by not less than seventy-four (74) days and AEC is therefore entitled to not less than a 74-day time extension. Consequently, the Government's entire assessment and withholding of Contract Balances as liquidated damages for delay is wrongful and improper, and particularly to the extent the Government included the 74 days that the ASBCA specifically determined were excusable in calculating the assessed liquidated damages. As a matter of law, and in accordance with its rights under the Bond, the Takeover Agreement and the doctrine of equitable subrogation, Cumberland, as performing surety, is entitled to remission of all such wrongfully withheld Contract Balances, plus interest.

### A. Standard for Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). Indeed, the absence of a genuine issue as to any material fact entitles the moving party to judgment as a matter of law. System Fuels, Inc. v. United States, 66 Fed.Cl. 722, 727 (Ct. Cl. 2005) (citing to American Pelagic Fishing Co. v. United States, 379 F.3d 1363,

---

attributable to the Government, is taken as undisputed at this stage of the instant litigation. Notwithstanding, Cumberland objects to and disputes the propriety of the entire assessment of liquidated damages based on, among other things, the entire subsequent Government delays, and Cumberland reserves all related claims, rights and defenses.

1370-71 (Fed. Cir. 2004)). Further, only genuine disputes of material facts that might affect the outcome of the suit will preclude entry of summary judgment. System Fuels, Inc., 66 Fed. Cl. at 728. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Evidence that is merely colorable or that is not significantly probative will be insufficient to defeat a motion for summary judgment. Id. at 249-50.

In the instant Action, the material facts as they relate to Cumberland's claim for remission of liquidated damages are undisputed. Specifically, the ASBCA determined that the Government's actions during Contract performance resulted in not less than 74 days of delay for which the contractor, AEC, was entitled to an extension of time. While the United States Court of Appeals for the Federal Circuit overturned a distinct component of the ASBCA's ruling, regarding only the separate issue of the anticipatory repudiation, the ASBCA's findings regarding the Government's responsibility for delays and AEC's corresponding entitlement to time extensions were neither appealed nor overturned. The ASBCA's finding of Government responsibility for substantial delays is therefore conclusive and beyond dispute. It is similarly uncontestable that, under the doctrine of equitable subrogation and in accordance with the Bond and Takeover Agreement, Cumberland, as performing surety, is entitled to recover all Contract Balances improperly withheld by the Government. Because the Government improperly withheld liquidated damages from Cumberland for delays for which the Government was responsible, the Government's withholding of any liquidated damages is improper. At minimum, the Government must remit that portion of the liquidated damages related to the Government's delay. On these undisputed facts, as discussed in further detail below, Cumberland is entitled to judgment as a matter of law.

**B. The Government Improperly Continues to Withhold Contract Balances as Alleged Liquidated Damages Notwithstanding AEC's Indisputable Entitlement to Corresponding Time Extensions**

Based on the undisputed facts, the Government's assessment and continued withholding of liquidated damages is wrongful and improper, specifically in light of the ASBCA's determination that the Government is responsible for certain significant delays on the Project. In fact, under the rule against apportionment, which is discussed below, the Government's responsibility for substantial delays on the Project results in a complete waiver of any right to assess liquidated damages and, therefore, requires the Government to remit the entire $419,068 it has wrongfully withheld as liquidated damages, plus interest. Alternatively, at minimum, the ASBCA's specific determination that the Government is responsible for the seventy-four (74) days of delay between March 3, 1991 and May 16, 1991 conclusively establishes that the Government's withholding of not less than $162,800 ($2,200 x 74 days) in Contract Balances is wrongful and improper as a matter of law.

**1. The Government's Delay Results in a Total Waiver of any Right to Assess Liquidated Damages under the Rule Against Apportionment**

It is axiomatic that the Government may not assess liquidated damages or other delay damages where such delays are excusable. See, e.g., Appeal of Allee Constr. Co., PSBCA 2462, 90-2 BCA 22770 (1990). In fact, as the United States Supreme Court has held, under what has been called the rule against apportionment, where the government caused or is responsible, either in whole or in part, for delays on a project, the government may not enforce the liquidated damages provision of the underlying contract, particularly where, as here, the relevant contract does not contain a provision for apportioning responsibility for the delays. See United States v. United Eng'g & Constructing Co., 234 U.S. 236, 242 (1914) (holding that where a project was delayed by both the government and the contractor, the liquidated damages provision was

waived); see also Youngdale & Sons Constr. Co. v. United States, 27 Fed. Cl. 516 (1993) (holding that, notwithstanding contractor delays, fact that the government delayed the project prevented government from assessing any liquidated damages and contractor was entitled to full remission plus interest); Acme Process Equip. v. United States, 347 F.2d 509, 535 (Ct. Cl. 1965) rev'd on other grounds, 385 U.S. 138 (1966) ("Where delays are caused by both parties to the contract the court will not attempt to apportion them, but will simply hold that the provisions of the contract with reference to liquidated damages will be annulled."). Accordingly, under the rule against apportionment, where the court finds delay by the government, the government will be held liable for remission of any withheld liquidated damages, plus interest.

In Youngdale & Sons Construction, for example, following the contractor's completion of an Air Force housing facility, the government withheld liquidated damages from final payment based on alleged delays by the contractor, for each of the 187 days of delay beyond the contract completion date. It was undisputed that the government was responsible, at least in part, for certain delays on the project resulting from an excessive groundwater condition. Notwithstanding, the government contended that certain competing and more significant delays by the contractor were the primary cause of the 187 delays in completion of the work. Rather than addressing the scope or magnitude of the competing delays or attempting to parse responsibility therefore, the Court of Federal Claims ruled that the government's undisputed contributing delay resulted in a waiver of any right to assess liquidated damages. Specifically, the court held:

> Therefore, given the Supreme Court's holding in this matter, we are obliged to conclude that, although the contractor may have delayed the project, the fact that the government caused the delay with respect to the excess water condition negates the applicability of the liquidated damages clause contained in the contract, and thereby prevents the government from assessing any amount with respect to liquidated damages against [the contractor].

Youngdale & Sons Contr., 27 Fed. Cl. at 565 (emphasis added). Moreover, the court held further that the contractor was entitled to interest on all amounts withheld from the time the payment was contractually due to the contractor, under the Prompt Payment Act. Id.

As recently as 2002, this Court has recognized that this rule against apportionment remains viable in the Federal Circuit. PCL Constr. Servs. v. United States, 53 Fed. Cl. 479, 487 (2002). Accordingly, in light of the ASBCA's determination that the government is responsible for certain substantial delays occurring prior to the default termination of AEC, the Government cannot enforce the liquidated damages provision in this case, which, in fact, has been waived in its entirety. Thus, the Government's assessment and continued withholding of any liquidated damages in this case is improper, and the Government must be required to remit the entire amount of liquidated damages withheld, plus interest from the date payment was due under the Contract.

More specifically, the ASBCA, by decision dated August 14, 1998, unequivocally determined that the Government is responsible for delays for not less than the seventy-four (74) days between March 3, 1991 and May 16, 1991 and that the contractor, AEC is entitled to a corresponding time extension. See Aug. 14, 1998 Decision at 43. This finding is beyond dispute in that findings of fact rendered by the ASBCA are considered final and must be accepted by this Court. See United States v. Utah Constr. & Mining Co., 384 U.S. 394, 418-23 (1966) (holding that findings of fact by board of contract appeals, including findings regarding contractor's entitlement to time extensions, are final and conclusive upon United States Court of Claims); Moyer Bros. v. United States, 156 Ct. Cl. 120 (1962) (holding ASBCA findings of fact to be final and binding). Moreover, the ASBCA's prior ruling that AEC is entitled to a time extension of 74 days is final and conclusive, and any attempt to dispute that finding, which was neither

raised, challenged nor disturbed on appeal, is barred by the doctrine of collateral estoppel. See DWS, Inc. v. United States, 18 Cl. Ct. 453, 461 (1983) (holding that government was collaterally estopped, in litigation before United States Claims Court, from re-litigating findings included in ASBCA's prior decision on same issues).

Thus, it is indisputable that the Government is responsible for not less than 74 days of delay prior to the default termination of AEC. Under the rule against apportionment, the Government therefore waived any right to assess any liquidated damages in this case by causing delay to the Project, and its withholding of any Contract Balances as liquidated damages is improper.

#### 2. At Minimum, the Government's Indisputable Responsibility for 74 Days of Delay Renders Improper Its Withholding of Liquidated Damages for All Such Days

Alternatively, at minimum, the Government's withholding of $162,800 in liquidated damages for the 74 days as to which the ASBCA determined that the Government was responsible is improper based on the undisputed facts.

As indicated above, where, as here, it is determined that a contractor is entitled to a time extension based on excusable delays extending beyond the contract completion date, an assessment of liquidated damages based on the same contract completion date is improper. See Youngdale & Sons, 27 Fed. Cl. at 564-65. Moreover, the contractor and/or its performance bond surety, are entitled to remission of all such improperly withheld liquidated damages, even in cases where the government's default termination of the contractor for delay has been held to be proper. See, e.g., Morganti Nat'l Inc. v. United States, 49 Fed. Cl. 110, 140 (2001); Appeal of R.M. Cantrell & Sons, ASBCA No. 7680, 1962 WL 569 (1962) (holding that contractor was

entitled to time extensions notwithstanding determination that government's default termination was proper).

While the Government's entire assessment of liquidated damages in this case is improper as a matter of law based on the ASBCA's finding of substantial Government delay, the Government's total assessment of liquidated damages is particularly objectionable in that it includes the 74 days as to which the ASBCA specifically ruled that AEC was entitled to a time extension. Accordingly, at minimum, the Government has improperly withheld not less than $162,800, at $2,200 per day, for those 74 days. Thus, Cumberland, which as set forth below, is entitled to the Contract Balances, is therefore entitled as a matter of law to remission of liquidated damages in not less than $162,800, plus interest.

**C. The Government Must Pay the Improperly Withheld Contract Balances to Cumberland**

The Government must pay all improperly withheld Contract Balances to Cumberland, as performing surety, pursuant to Cumberland's rights of equitable subrogation, in accordance with its rights under the Bond and Takeover Agreement.

**1. Cumberland Is Entitled to the Improperly Withheld Contract Balances under the Doctrine of Equitable Subrogation**

Cumberland, as completing surety under the Performance Bond, is entitled to full payment of any and all Contract Balances remaining at the time of AEC's default termination pursuant to Cumberland's rights of equitable subrogation.

**i. Cumberland May Enforce Its Rights of Equitable Subrogation in this Court**

The Federal Circuit and this Court have consistently acknowledged and enforced the surety's rights of equitable subrogation, including both the performing surety's priority rights to unpaid contract balances and its right to assert the contractor's claims against the government.

See, e.g., Ins. Co. of the West v. United States, 243 F.3d 1367, 1370 (Fed. Cir. 2001) ("[S]ureties traditionally have asserted claims against the government under the equitable doctrine of subrogation."); Admiralty Constr., Inc. by Nat'l Am. Ins. Co. v. Dalton, 156 F.3d 1217, 1221 (Fed. Cir. 1998) ("Our case law has long established that a surety can sue the Government in the Court of Federal Claims under the non-contractual doctrine of equitable subrogation."); Transamerica Ins. Co. v. United States, 31 Fed. Cl. 532, 535 (Fed. Cl. 1994) ("The doctrine of equitable subrogation allows a performance bond surety to sue the United States in the Court of Federal Claims."); Balboa Ins. Co. v. United States, 775 F.2d 1158, 1161 (Fed. Cir. 1985) (holding that when surety finances the contract's completion, it is subrogated to the contractor's property rights in the contract balance); United States Fire Ins. Co. v. United States, 61 Fed. Cl. 494, 499 (Fed. Cl. 2004) (Court of Federal Claims had jurisdiction to decide surety's claim regarding government's improper pre-takeover payments to contractor based on surety's equitable subrogation rights). Accordingly, Cumberland, as performing surety under its Bond properly seeks enforcement of its equitable subrogation rights herein.

**ii. Cumberland Is Equitably Subrogated to the Government's Rights and therefore Has a Superior Right to the Unpaid Contract Balances**

Under the doctrine of equitable subrogation, a performing surety—i.e., one that undertakes completion of the bonded contract, pursuant to its performance bond, following termination of its principal—takes a priority right to any remaining contract balances, without setoff from any competing claim. See Aetna Cas. & Sur. Co. v. United States, 845 F.2d 971, 974 (Fed. Cir. 1988). Indeed, because the performing surety confers a benefit upon the government, the surety is equitably subrogated to the government's rights to the contract funds and, therefore, attains a superior right to such funds. See Pearlman v. Reliance Ins. Co., 371 U.S. 132, 138 (1962); Aetna Cas. & Sur. Co., 845 F.2d at 974; see also United States Fidelity & Guar. Co. v.

United States, 475 F.2d 1377, 1383 (Ct. Cl. 1973) ("A surety that pays on a performance bond in order to complete the subject contract has priority over the United States to the retainages in its hands."); Dependable Ins. Co. v. United States, 846 F.2d 65, 67 (Fed. Cir. 1988) (when the surety "confers a benefit upon the government by relieving it of the task of completing performance itself…[it]…becomes subrogated not only to the rights of the prime contractor but to those of the government.")

In this case, Cumberland completed performance of the Contract work following the default termination of AEC. In so doing, Cumberland conferred a benefit upon the Government, and thereby became equitably subrogated to the Government's rights with respect to all Contract Balances remaining at the time of the default termination. Thus, under the doctrine of equitable subrogation, Cumberland, as performing surety, has a superior right to all such funds.

The Government has wrongfully withheld from Cumberland $419,068 in unpaid Contract Balances as alleged liquidated damages. Upon Cumberland's performance and completion of the Project work, the Government was required to, but failed to pay Cumberland the Contract Balances. As set forth above, the Government's withholding the Contract Balances liquidated damages is improper, as a matter of law, and in particular to the extent that such assessed damages included the 74 days as to which the ASBCA determined that the contractor, AEC, was entitled to a time extension. Therefore, based on Cumberland's superior equitable subrogation rights to the remaining Contract Balances, Cumberland is entitled to recover all such wrongfully withheld funds. Accordingly, Cumberland is entitled to partial summary judgment in the amount of $419,068, corresponding to the entire amount withheld as liquidated damages. Alternatively, Cumberland is entitled, at minimum, to partial summary judgment in the amount of $162,800,

corresponding to the 74 days as to which the ASBCA specifically ruled that AEC was entitled to a time extension.

**iii. Cumberland Is Also Equitably Subrogated to the Rights and Claims of AEC**

A surety that takes over contract performance or finances completion of the defaulted contract is also equitably subrogated to the rights of its bonded contractor against the government. See Ins. Co. of the West, 243 F.3d at 1370; Admiralty, 156 F.3d at 1222; Westech Corp. v. United States, 20 Cl. Ct. 745, 749 (1990). Thus, in addition to being subrogated to the government's rights, a performing surety may also assert the contractor's rights and claims against the government, including, specifically, the right to contest the propriety of the government's withholding of contract funds as alleged liquidated damages. See Mfrs. Cas. Ins. Co. v. United States, 63 F. Supp. 759 (Ct. Cl. 1946); see also Transamerica Ins. Co. v. United States, 31 Fed. Cl. 532, 535 (1994) (holding that completing surety was entitled, pursuant to its right of equitable subrogation, to remission of improperly withheld liquidated damages).

For example, in Manufacturers Casualty Insurance Co. v. United States, 63 F. Supp. 759 (Ct. Cl. 1946), the plaintiff surety, who had issued a payment and performance bond to a contractor on a military hospital project, paid the project's subcontractors and materialmen a certain amount upon the prime contractor's default, in satisfaction of its bond obligations. Having been reimbursed by the government for only a portion of those costs, the surety brought suit against the government, alleging that the government unlawfully deducted liquidated damages from the amount owed to the contractor. Among other things, the court found that the contractor was entitled to a time extension and therefore the court remitted the corresponding wrongfully withheld liquidated damages. Id. at 760. Additionally, the court held that because the surety had completed its obligation under the bonds, the surety was subrogated to the rights

of the contractor and therefore entitled to the remission of all liquidated damages improperly withheld from the contractor. Id. at 761.

Accordingly, under the doctrine of equitable subrogation, as developed by Manufacturers Casualty Insurance and other case law in the Federal Circuit and this Court, a performing surety not only takes a priority right to any unpaid Contract Balances remaining at the time of the default termination, but it is also entitled to challenge the propriety of any asserted rights of set-off, including any assessed liquidated damages.

**2. The Takeover Agreement Acknowledged and Preserved Cumberland's Rights to Challenge the Amount of Remaining Contract Balances and any Offsets Asserted by the Government**

Additionally, under the express terms of the Takeover Agreement between Cumberland and the Government, the parties acknowledged, and Cumberland expressly reserved, Cumberland's rights to challenge the propriety and amount of any Government assessments of set-off, including the Government's withholding of Contract Balances as liquidated damages. Specifically, Paragraph 2 of the Takeover Agreement provides:

> 2. The Government represents that $671,044.42 is the unpaid contract balance, including retainages. The surety reserves the right to challenge the accuracy of the amount of the contract balance when adjusted for all change orders, field orders, and any other extra work required under the contract…..
>
> …
>
> b. . . . [t]he Surety reserves any and all of its rights to challenge the propriety of any Government off-sets, including, but not limited to, the amount of the off-set and whether the Surety has a priority in the contract balance greater than the Government off-set.

See Takeover Agreement ¶ 2.

Thus, based on the foregoing express terms of the Takeover Agreement, Cumberland expressly reserved the right to challenge, among other things, the amount of the remaining Contract Balance and any amounts that the Government set off against such funds. Accordingly,

by agreement with the Government, Cumberland is not only entitled to payment of all unpaid Contract Balances, but is also contractually entitled to contest the amount and propriety of any claimed withholdings by the Government, including its entire assessment of liquidated damages. Cumberland's instant challenge to the Government's entire assessment of liquidated damages is therefore consistent with and proper under the express terms of the Takeover Agreement.

Following the default termination of AEC, it is undisputed that Cumberland completed the Contract work, thereby conferring a benefit upon both AEC and the Government. As completing surety, Cumberland therefore is equitably subrogated to the rights of both the Government and AEC. Such rights include not only a superior right to the Contract Balances remaining at the time of termination, but also the right to challenge the Government's withholding of Contract Balances as liquidated damages, which Cumberland has done. Additionally, Cumberland is contractually authorized to challenge the Government's withholding of funds pursuant to the Takeover Agreement. As set forth above, the Government's assessment of liquidated damages is plainly improper in light of its indisputable responsibility for substantial delays to completion. Accordingly, Cumberland is entitled to remission of all such Contract Balances improperly withheld as liquidated damages, as performing surety, in accordance with its rights of equitable subrogation, the Bond and Takeover Agreement.

## IV. CONCLUSION

In sum, based on the undisputed facts, Cumberland is entitled, as a matter of law, to remission of liquidated damages in this case. There is no dispute that, as conclusively established by prior decision of the ASBCA, the Government is responsible for not less than 74 days of delay in completion of the Project and that AEC is entitled to a corresponding time extension. It is also beyond contention that the Government withheld $419,068 in Contract

Balances from AEC (and Cumberland) for 219 days of alleged delay, which included the 74 days as to which the ASBCA ruled that AEC was entitled to a time extension, as liquidated damages. As a matter of law, where the Government is responsible, in whole or in part, for delaying performance beyond the contract completion date, the Government waives its right to assess liquidated damages. Therefore, Cumberland, as completing surety, and in accordance with its rights of equitable subrogation, is entitled to remission of the entire amount of $419,068 improperly withheld as liquidated damages, plus interest from November 8, 1991, thirty (30) days after the date the Government concedes it took beneficial occupancy of the Project. Alternatively, at minimum, the Government's withholding of $162,800.00 in Contract balances for the 74 days as to which AEC was entitled to a time extension is improper and Cumberland is therefore entitled to remission of liquidated damages in that amount, plus interest from November 8, 1991.[2]

WHEREFORE, for the foregoing reasons, Plaintiff Cumberland Casualty and Surety company respectfully requests that its Partial Motion for Summary Judgment be granted, and that the Court grant any other further relief it deems just and proper.

## VI. REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests to be heard in oral argument regarding its Partial Motion for Summary Judgment.

---

[2] Again, Cumberland contests the propriety of the entire amount withheld as liquidated damages, based in part on post-termination Government delays that were not considered in the AEC decision and as to which there may remain facts in dispute. Because of these potential disputed issues of fact, such post-termination delays are not presented for consideration here. Accordingly, to the extent the Court does not order remission of the entire amount of withheld liquidated damages under the instant motion, Cumberland reserves all related rights, claims and defenses to challenge the propriety of the withholding of the corresponding remaining Contract Balances.

**Dated: December 21, 2007**

Respectfully submitted,

s/Robert G. Watt

Robert G. Watt, Esquire
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
rwatt@wthf.com
Tel: (703) 749-1000
Fax: (703) 893-8029

Counsel for Plaintiff
Cumberland Casualty and Surety Company

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CUMBERLAND CASUALTY & SURETY COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 94-366C** |
| | ) | **(Judge Merow)** |
| **THE UNITED STATES** | ) | |
| **Defendant.** | ) | |

**APPENDIX**

**TABLE OF EXHIBITS:**

| Ex. #/Tab | Contents | Page Number |
|---|---|---|
| 13. | Complaint | 1 |
| 14. | Answer | 12 |
| 15. | Takeover Agreement | 19 |
| 16. | Nov. 20, 2002 Decision of the ASBCA in the AEC action | 23 |
| 17. | Cumberland's Request for a Contracting Officer's Final Decision | 32 |
| 18. | August 14, 1998 Decision of the ASBCA | 45 |
| 19. | Government's Appeal to the United States Court of Appeals for the Federal Circuit | 93 |
| 20. | Decision of the United States Court of Appeals for the Federal Circuit | 95 |

| | | |
|---|---|---|
| 21. | Contracting Officer's Final Decision | 109 |
| 22. | Order Staying Cumberland Action | 119 |
| 23. | Order Re-opening Fact Discovery | 120 |
| 24. | Contract between AEC and the Government, section § 01011, ¶ 5 | 122 |

**Certificate of Service**

I hereby certify under penalty of perjury that on this 21st day of December 2007, a true and correct copy of the foregoing Plaintiff Cumberland Casualty and Surety Company's Partial Motion for Summary Judgment and Memorandum in Support, were served by the Court's electronic filing system, and were placed in the United States mail (first-class mail, postage paid) to the following:

Leslie Cayer Ohta, Trial Attorney
Civil Division
Department of Justice
Classification Unit/8th Floor
1100 L Street, NW
Washington, DC 20530

/s Robert G. Watt
Robert G. Watt