IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CUMBERLAND CASUALTY & SURETY COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 94-366C (Judge James F. Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 7.2 (c) of the Court of Federal Claims (RCFC), defendant, the United States, respectfully responds to the motion of plaintiff Cumberland Casualty & Surety Company (Cumberland) for partial summary judgment. Cumberland's motion fails because Cumberland has not demonstrated that it is entitled to partial summary judgment as a matter of law.

## STATEMENT OF THE ISSUE

Whether the decision of the Armed Services Board of Contract Appeals, converting the termination for default of AEC Corporation's contract to a termination for convenience, based upon its determination that the Navy had delayed AEC's performance, a decision that was reversed by the court of appeals on other grounds, precludes the Government from demonstrating that the assessment of liquidated damages by the Navy against AEC and against Cumberland, AEC's bonding company, was justified.

## STATEMENT OF THE CASE

### I. Nature Of The Case

This case arises from the denial of a certified claim, seeking, in part, the remission of liquidated damages assessed against Cumberland due to delays by both Cumberland and

Cumberland's principal, AEC, in the performance of the AEC's contract with the Navy.

## II. Factual Background

The Navy terminated the contract of AEC Corporation (AEC) for default for failure to make progress due to AEC's inexcusable critical path delays to timely completing performance and because AEC indicated it could not complete performance due to its surety withholding funds. Following AEC's default termination, Cumberland, AEC's surety, took over performance of the contract. The Navy subsequently assessed liquidated damages based upon critical path delays caused by both AEC and Cumberland.

AEC appealed its default termination to the Armed Services Board of Contract Appeals (board). AEC Corporation, Inc., ASBCA No. 42920, 98-2 BCA ¶ 29,952 at 148,185. The board found that the Navy had failed to establish anticipatory repudiation as a justification for termination. Id. at 148,210. The board also found that AEC was entitled to contract time extensions due to Government changes and delays, and that the Navy failed to establish that AEC was unable to complete performance by the contract completion date as extended by the board. Id. at 148,209; 148,211. Accordingly, the board found that the termination for default was not justified and converted the termination for default into a termination of convenience. Id. at 148,211.

On appeal, the Federal Circuit reversed, holding that the Navy was justified in terminating AEC's contract for default upon the ground that AEC had repudiated its contract. Danzig v. AEC Corp., 224 F.3d 1333 (Fed. Cir. 2000).[1]

---

[1] The Federal Circuit rejected the Government's argument that the board did not apply the standard set forth in Lisbon Contractors, Inc. v. United States, 828 F.2d 759, 765 (Fed. Cir. 1987), in deciding that the Government had failed to establish that it was reasonable for the Navy

The Federal Circuit remanded the matter to the board to address remaining issues of liability based upon its holding that the default termination was valid. Id. On remand, the board dismissed the case for lack of jurisdiction. AEC Corporation, Inc., ASBCA No. 42920, 03-1 BCA ¶ 32,071 at 158,488.

III. Cumberland's Motion

The gravamen of Plaintiff Cumberland Casualty and Surety Company's Partial Motion for Summary Judgment (Cumberland's Motion) is that because the Federal Circuit did not overturn the board's determination that the termination for default was not justified, premised upon the board's finding of Government-caused delay (implicitly finding that AEC was entitled to the return of the liquidated damages assessed for the period of Government-caused delay), the Government is precluded by the doctrine of collateral estoppel from litigating the delay issue before this Court.

Cumberland's motion is wholly without legal merit.

ARGUMENT

I. Standard of Review

Summary judgment may be granted where there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Pursuant to RCFC 56(c), summary judgment shall not be granted if the pleadings do not show that the moving party is entitled to judgment as a matter of law.

---

to conclude that AEC would be unable to complete the contract by the extended completion date. Id. The Federal Circuit, however, did not address the Government's argument that the completion date fond by the board was not supported by substantial evidence. Instead, the Federal Circuit reversed the board's decision upon an alternate basis, that is, that AEC failed to give the Navy adequate assurances that it could complete the contract on a timely basis. Id.

While there is no dispute over any issue of material fact that is relevant to the disposition of Cumberland's pending motion, Cumberland is not entitled to partial summary judgment as a matter of law.

II. Collateral Estoppel Does Not Preclude The Government From Litigating The Delay Issue Decided By The Board Where The Board's Decision Was Reversed On Appeal.

A decision which has been reversed, set aside, or vacated has no preclusive effect. Butler v. Eaton, 141 U.S. 240 (1891). Moreover, findings supporting a judgment vacated, set aside, or reversed on appeal lose their preclusive effect. See e.g. Rumsfeld v. Freedom NY, Inc., 329 F.3d 1320, 1332 (Fed. Cir. 2003) (vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of the law of the case), citing U.S. Philips Corp. v. Sears Roebuck & Co., 55 F.3d 592, 598 (Fed. Cir. 1995).[2]

Dodrill v. Ludt, 764 F.2d 442, 444 (6th Cir. 1985), is particularly instructive. Plaintiff, whose marijuana conviction was reversed on appeal, brought a civil rights action against the arresting officers, alleging that the police had planted the marijuana found in his possession. The trial court granted summary judgment for the police officers, finding the jury in the criminal case had rejected the defense that the evidence had been planted. The Sixth Circuit disagreed, holding

---

[2] This is not only the law in the Federal Circuit but in all other circuits as well. See e.g. No East-West Highway Committee, Inc. v. Chandler, 767 F.2d 21, 24 (1st Cir. 1985) (vacated judgment has no preclusive force as a matter of collateral, direct estoppel, or law of the case); Stone v. Williams, 970 F.2 1043, 1054 (2nd Cir. 1992); Consolidated Express, Inc. v. New York Shipping Ass'n, Inc., 641 F.2d 90, 93-94 (3rd Cir. 1981); Maryland Casualty Co. v. Armco, Inc., 822 F.2d 1348, 1355 (4th Cir. 1987); Savidge v. Fincannon, 836 F.2d 898, 906 (5th Cir. 1988); Dodrill v. Ludt, 764 F.2d 442, 444 (6th Cir. 1985); Pontarelli Limousine, Inc. v. City of Chicago, 929 F.2d 339, 340-341 (7th Cir. 1991); Nanninga v. Three Rivers Electric Cooperative, 236 F.3d 902, 906 (8th Cir. 2000); Ornellas v. Oakley, 618 F.2d 1351, 1356 (9th Cir. 1980); U.S. Lacey, 982 F.2d 410, 412 (10th Cir. 1992); Quarles v. Sager, 687 F.2d 344, 346 (11th Cir. 1982); and Wolcott v. Ginsburg, 697 F.Supp. 540, 543 (D.D.C. 1988).

that facts found in the criminal case had no preclusive effect because the conviction was reversed. Although the reversal was unrelated to the findings for which preclusion was sought, that is the marijuana found in the possession of the accused, the Sixth Circuit found that immaterial for collateral estoppel purposes noting that :

> The issues that [plaintiff] now wants to litigate were fully litigated and firmly decided at the [earlier] trial. [Plaintiff] did not challenge the fact-finding on appeal. The [decision] was reversed on grounds having no bearing on the validity of the fact-findings. The reversal, however, vacates the judgment entirely, technically leaving nothing to which we may accord preclusive effect . . . [T]he general rule is that a judgment which is vacated, for whatever reason, is deprived of its conclusive effect as collateral estoppel.

Dodrill, 764 F.2d at 444 - 445.

The court in Dodrill explained the need for a bright-line rule as follows:

> Any other rule would needlessly and astronomically proliferate the number of issues raised on appeal. If a judgment could be entirely vacated yet preclusive effect still given to issues determined at trial but not specifically appealed, appellants generally would feel compelled to appeal every contrary factual determination. Such inefficiency neither lawyers nor judges ought to court. Litigants ought to be encouraged to expend their energies on their most compelling issues and arguments, without paranoia about the preclusive effects of other issues or determinations.

Dodrill, 764 F.2d at 444.

This bright-line rule has been followed by the Court of Federal Claims. In Janicki Logging Co., Inc. v. United States, 36 Fed. Cl. 338 (Fed. Cl. 1996), this Court found that issue preclusion did not apply, stating:

> [D]efendant interprets the doctrine of issue preclusion as reaching a trial court's resolution of issues that were contested on appeal in the prior litigation but upon which the appellate court did not rely or rule.

> Defendant's interpretation misunderstands the scope of the doctrine of issue preclusion. "When a judgment is based upon alternative grounds or multiple grounds, and on appeal it is affirmed on only one ground, without reaching the others, only the issue reached on appeal is a basis for collateral estoppel." [Citations omitted]

Janicki Logging, 36 Fed. Cl. at 340.

This Court in In Janicki Logging, also addressed the issue preclusion requirements:

> A determination would be necessary and essential to the resulting judgment only if the highest appellate court that addressed the merits rested its judgment on that determination. Herein, the trial court's determinations with respect to the statute of limitations and the viability of a Fifth Amendment takings claim were not "necessary and essential to the resulting judgment" because the Federal Circuit rested its judgment on Section 1500 alone. Hence, issue preclusion does not apply and defendant's motion to dismiss the contract claim based on issue preclusion is denied.

Janicki, 36 Fed. Cl. at 340-341.

As previously mentioned, the board found that the default termination of Cumberland's principal, AEC, was not justified based upon its determination that AEC was entitled to contract time extensions; and that the evidence did not support the conclusion that AEC could not have completed the contract by the extended deadline. Because the Federal Circuit reversed the board's decision, based upon its determination that AEC's repudiation of the contract justified the Government's decision to terminate the contract for default, the board's termination decision lacks the finality required for collateral estoppel to apply.[3]

In short, there is no support for Cumberland's proposition that the Government should be

---

[3] The requirement that collateral estoppel only applies to determinations that have attained finality applies to administrative rulings as well as court judgments. Estabrook v. United States, 41 Fed. Cl. 283, 289 (Fed. Cl. 1998), citing Astoria Federal, 501 U.S. 105, 107 (1991).

estopped from litigating the merits of the Government's claim that AEC inexcusably delayed performance of the contract, based upon a board finding of Government-caused delay that was not affirmed on appeal. Interestingly, while issue preclusion is the linchpin of Cumberland's motion, Cumberland devotes less than two pages of its 17 page memorandum of law to this issue and does not cite a single case in support of its proposition. See Memorandum in Support of Cumberland Motion, at 6-7.

Cumberland also contends that if this Court holds that the Government is precluded from litigating the delay issues tried before the board, the Government, as a matter of law, must be compelled to return all of the liquidated damages assessed, not only that portion which the board implicitly found was improperly withheld. Given the fact that the linchpin of Cumberland's motion is wholly unsupported and unsupportable, Cumberland's argument in this regard must necessarily fail. Moreover, Cumberland's contention that the law requires the remission of all liquidated damages irrespective of whether the trial court finds, based upon a credible critical path analysis attributing non-concurrent critical path delays to both the Government and the contractor is patently absurd. The essence of Cumberland's argument is that under the "rule against apportionment," if the Government is responsible for any part of the delay during the performance of the contract, the Government is barred from assessing liquidated damages for those days of critical path delay for which the contractor is solely responsibly.

Contrary to Cumberland's proposition, non-concurrent delays are apportionable between the Government and the contractor. See Sauer, Inc. v. Danzig, 224 F.3d 1340 (Fed. Cir. 2000); Essex Electro Engineers v. Danzig, 224 F.3d 1283 (Fed. Cir. 2000). In Essex, the Federal Circuit cited Coath & Goss, Inc. v. United States, 101 Ct. Cl. 702, 714-15 (Ct. Cl. 1944), as authority for

apportioning delay damages. The Federal Circuit in Coath & Gross, Inc. noted: "The sequential nature of Essex's submissions and the government's responses renders each party's delays inherently apportionable, at least in the case of ECP-related delays." Coath & Gross, Inc., 224 F.3d at 1992. Similarly, in Sauer, supra., the Federal Circuit stated: "We have affirmed the Board's finding that Sauer proved only two days of excusable delay. As a result, Sauer has not shown that it is entitled to a remission of liquidated damages greater than the remission already granted by the Board." Sauer, 224 F.3d at 1347.[4]

---

[4] Cumberland's reliance upon United States v. United Eng'g & Constructing Co., 234 U.S. 236 (1914), is misplaced. In United Eng'g,, 234 U.S. at 241 - 242, the Supreme Court wrote as follows:

> The precise question here is whether, when the work was delayed solely because of the government's fault beyond the time fixed for its completion, and afterwards the work was completed without any definite time being fixed in which it was to be done, the claimant can be charged for the subsequent delays for which he was at fault by the rule of the original contract, stipulating liquidated damages, or was that stipulation waived by the conduct of the government, and was it obligatory upon it, in order to recover for the subsequent delays, to show the actual damages sustained.
>
> We think the better rule is that when the contractor has agreed to do a piece of work within a given time, and the parties have stipulated fixed sum as liquidated damages, not wholly disproportionate to the loss for each day's delay, in order to enforce such payment the other party must not prevent the performance of the contract within the stipulated time; and that where such is the case, and thereafter the work is completed, though delayed by the fault of the contractor, the rule of the original contract cannot be insisted upon, and liquidated damages measured thereby are waived.

Here, of course, even the board did not find that the delay in AEC's performance was solely the responsibility of the Government, and no work was performed by AEC after the contractual completion date. The Government does not contend that when all of the critical path

Robinson v. United States, 57 Ct. Cl. 7 (1921), aff'd at 261 U.S. 486 (1923), is instructive. In Robinson, the Court of Claims rejected the contractor's argument, the same argument that Cumberland makes here, that because the Government caused some of the delay, the contract's liquidated damages provision was unenforceable, and remitted only that portion of the liquidated damages attributable to the Government-caused delay. Robinson, 57 Ct. Cl. at 7.

In affirming this decision, the Supreme Court noted as follows:

> The fact that the government's action caused some of the delay presents no legal ground for denying it compensation for loss suffered wholly through the fault of the contractor. Since the contractor agreed to pay at a specified rate for each day's delay not caused by the government, it was clearly the intention that it should pay for some days' delay at that rate, even if it were relieved from paying for other days, because of the government's action.

Robinson, 261 U.S. at 488.

In summary, Cumberland's motion is wholly without merit. There is no legal justification for precluding the Government, during the trial of this matter, from presenting its critical path analyses. Only if this Court, based upon the documentary and testimonial evidence introduced at trial, finds that the Government was in whole or in part solely responsible for critical path delays should this Court order the remission of the liquidated damages to the extent warranted by such findings.

CONCLUSION

Cumberland has failed to demonstrate that as a matter of law the Government is collaterally estopped from litigating the causes of the delay that occurred during the performance

---

delay to performance under a contract is solely attributable to the fault of the Government the assessment of liquidated damages would be justified.

of the contract at issue in this case. Accordingly, the Government respectfully requests that the Court deny Cumberland's motion for partial summary judgment.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
(202) 307-0252
(202) 307-0972 (Fax)

Attorneys for Defendant

Of Counsel:
ELLEN M. EVANS
Senior Trial Attorney
Naval Facilities Engineering Command
720 Kennon St. SE, Rm. 136
Washington, D.C. 20374

Dated: March 5, 2008