IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CUMBERLAND CASUALTY & SURETY COMPANY, Plaintiff, | ) | No. 94-366C |
| v. | ) | (Judge James F. Merow) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT

Background

1. In the fall of 1989, the United States Department of the Navy (the "Government"), through the Small Business Administration, awarded Contract No. N62467-88-C-0646 (the "Contract") to AEC Corporation ("AEC") for the construction of a Naval and Marine Corps Reserve Training Center in Miami, Florida (the "Project"). [Complaint ¶ 4, attached hereto as Exhibit 1; Answer ¶ 4, attached hereto as Exhibit 2].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated, except to note that the date of the award was May 18, 1989, not the fall of 1989.

2. Pursuant to the terms and conditions of the Contract, AEC was required to provide payment and performance bonds for the Project. [Ex. 1 ¶ 5; Ex. 2 ¶ 5].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

3. On or about August 16, 1989, Cumberland Casualty and Surety Company ("Cumberland") issued the required bonds, pursuant to the Miller Act, 40 U.S.C. § 270 (a). [Ex. 11I 6; Ex.2116].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

4. AEC commenced performance of the Contract work on or about September 4, 1989. [Ex 1 ¶ 8; Ex. 2 ¶ 8].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

5. On or about April 22, 1991, the Government terminated AEC's Contract for default. [Ex. 1 ¶ 9; Ex. 2 ¶ 9].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

6. Upon termination, the Government made demand upon Cumberland, as surety, to complete the Project in accordance with the terms of the Performance Bond. [Ex. 1 ¶ 10; Ex. 2 ¶ 10].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

7. On May 2, 1991, Cumberland entered into a Takeover Agreement with the Government for completion of the Project. [Ex. 1 ¶11; Ex. 2 ¶11].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

8. Pursuant to the terms of the Takeover Agreement executed between Cumberland and the Government, as completing surety, Cumberland is entitled to all unpaid Contract balances and is equitably subrogated to all rights and claims of both the Government and AEC. [Takeover Agreement, attached hereto as Exhibit 3].

<u>Defendant's Response</u>

The defendant does not agree agree with Cumberland's proposed "finding of fact." Firstly, Cumberland's purported statement of fact is in fact a conclusion of law. Secondly, the takeover agreement provided that Cumberland would be paid in accordance with the defaulted contract; that the Government retained the right to any unpaid amounts earned by the defaulted contractor; that the takeover agreement did not affect the liability of Cumberland or the defaulted contractor for liquidated damages; that the takeover agreement did not constitute acceptance of the work performed by the defaulted contractor; and the takeover agreement preserved the rights of the parties with respect to the assertion of and defense of any claim arising under the defaulted contract, the completion contact, and the takeover agreement.

9. Accordingly, by the terms of the Takeover Agreement, which incorporates the Contract by reference, Cumberland agreed to complete the Contract work in accordance with the terms of the underlying Contract, conditioned upon payment of the Contract Balances, and among other things, upon an express reservation of AEC's claims and defenses as set forth in the underlying Contract. [Ex. 3 ¶ I].

<u>Defendant's Response</u>

The defendant does not agree agree with Cumberland's proposed finding of fact as stated. As stated in response to proposed finding of fact number 8, the Government retained rights to

assert claims against the contract balance, including the assessment of liquidated damages.

10. Cumberland further reserved its rights to challenge the Government's set-off assessments against unpaid Contract Balances. [Ex. 3 ¶ 2b].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

11. Cumberland completed the Contract work no later than October 1991 and the Government took beneficial occupancy by no later than October 9, 1991. [Ex. 1 ¶ 11; Ex. 2 ¶ 11; November 20, 2002, Decision of the ASBCA in AEC action, ¶ 25, attached hereto as Exhibit 4].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

12. In completing performance of the Contract work, Cumberland incurred costs and damages well in excess of the amount withheld as liquidated damages. [Cumberland's Request for a Contracting Officer's Final Decision, attached hereto as Exhibit 5].

Defendant's Response

The defendant does not agree with Cumberland's proposed finding of fact as stated because the Government has not examined Cumberland's books and records to determine the accuracy of the Cumberland's contention.

Procedural History

13. On May 9, 1991, AEC appealed the Contracting Officer's Final Decision terminating AEC for default to the ASBCA. [August 14, 1998, Decision of the ASBCA, at pg. 30, attached hereto as Exhibit 6].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

14. The ASBCA conducted hearings on the matter in June of 1995 and the parties submitted Post-Trial briefs on or about December 20, 1995. [Ex. 4, ¶¶ 28, 29].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

15. On August 14, 1998, the Board issued its decision (the "August 14, 1998 Decision") and concluded that the Government's default termination of AEC on April 22, 1991 was erroneous and converted the termination for default into termination for convenience of the Government. [Ex. 6, at pg. 47].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

16. The Board ultimately found that because it could not be unequivocally established that AEC was unwilling or unable to perform the Contract, the termination was improper. [Ex. 6, at pg. 47].

Defendant's Response

The defendant does not agree agree with Cumberland's proposed finding of fact as stated. In the "conclusion" section of its opinion, the board opined that the contractor was entitled to contract time extensions until May 16, 1991; that the contract was terminated for default on April 22, 1991; and that the evidence did not support the conclusion that the contractor could not have completed the contract by May 16, 1991. Accordingly, the board found that the termination for default was not justified.

17. The Board also ruled that AEC was entitled to time extensions as a result of delays for which the Government was responsible. [Ex. 6, at pg. 47].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

18. Subsequently, the Government appealed the ASBCA's August 14, 1998 Decision to the United States Court of Appeals for the Federal Circuit, but only as to the issue of whether the default termination was proper, based on allegations that AEC anticipatorily repudiated the Contract. [Secretary of the Navy's Appeal from the August 14, 1998 Decision of the ASBCA, attached hereto as Exhibit 71].

Defendant's Response

The defendant does not agree with Cumberland's proposed finding of fact as stated. The Government appealed the board's determination that the termination for default was not justified, and in doing so challenged both the board's findings on delay and its finding on anticipatory repudiation.

19. The Government did not appeal the ASBCA's determination that AEC was entitled to time extensions based on delays that were attributable to the Government. [Ex: 7].

Defendant's Response

The defendant does not agree with Cumberland's proposed finding of fact as stated. The Government appealed the board's determination that the the termination for default was not justified, and in doing so challenged both the board's findings on delay and its finding on anticipatory repudiation.

20. The United States Court of Appeals decision, while finding that the contractor anticipatorily repudiated the Contract, acknowledged but did not disturb the ASBCA's finding that the Government was responsible for 74 days of delay. [Decision of the United States Court of Appeals for the Federal Circuit, attached hereto as Exhibit 8].

Defendant’s Response

The defendant does not agree with Cumberland’s proposed finding of fact. In vacating the decision of the board, the Federal Circuit, as a matter of law, did in fact “disturb” the board’s finding of Government-caused delay, for all of the reasons set forth in our opposition to Cumberland’s motion for partial summary judgment.

21. On or about September 25, 2000, the United States Court of Appeals for the Federal Circuit remanded the case to the ASBCA for further proceedings. [Ex. 8].

Defendant’s Response

The defendant agrees with Cumberland’s proposed finding of fact as stated.

22. On November 20, 2002, the ASBCA issued a subsequent decision which, among other things, confirmed its findings regarding AEC's entitlement to a time extension of not less than 74 days. [Ex. 4, at pg. 8].

Defendant’s Response

The defendant does not agree agree with Cumberland’s proposed finding of fact as stated. The board dismissed the appeal for lack of jurisdiction.

Cumberland's Lawsuit

23. In the interim, while AEC prosecuted its appeal before the ASBCA, Cumberland, pursuant to the Takeover Agreement with the Government and its rights of equitable subrogation,

submitted a certified claim to the Government for an equitable adjustment of the Contract price and compensable extensions of time, and requested a Contracting Officer's Final Decision. [Ex. 5].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

24. Cumberland's claim included a demand for the return of the remaining unpaid Contract Balances, totaling approximately $419,068. [Ex. 5].

Defendant's Response

The defendant agrees that Cumberland's claim sought $419,068 which it claimed was the contract balance. The contract balance, however, was $416,477.42.

25. On or about October 12, 1993, Cumberland received a Contracting Officer's Final Decision, denying the majority of its claims, including the remission of Contract Balances. [Contracting Officer's Final Decision, attached hereto as Exhibit 9].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

26. As a result, Cumberland filed this action on or about June 3, 1994. [Ex. 1].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

27. On or about July 3, 1997, the Parties filed a Joint Motion to Stay the instant Action, pending the resolution of the separate AEC action. [Order Staying Cumberland Action, attached hereto as Exhibit 10].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

28. The Court granted the Parties' Motion on July 7, 1997. [Ex. 10].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

29. Following the ASBCA's decision and the related appeal in the AEC action, as discussed above, this Court reopened fact discovery in the instant matter by order dated February 23, 2004. [Order re-opening fact discovery, attached hereto as Exhibit 11].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

The Government's Withholding of Liquidated Damages

30. The Contract between AEC and the Government provides that the Government may assess liquidated damages for delays not attributable to the Government and for which no time extension is warranted. [Contract, § 01011, ¶ 5, attached hereto as Exhibit 12].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

31. The Contract provides:

> If the Contractor fails to complete the work within the time specified in the contract, or any extension, the Contractor shall pay to the Government as liquidated damages, the sum of $2,200 for each calendar day of delay.

[Ex. 12, ¶ 5].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

32. Based on this liquidated damages provision, the Government assessed approximately $481,000 in liquidated damages against Cumberland as completing surety, for delays from March 3, 1991, the last contract completion date established by the Government, through October 9, 1991, the date upon which the Government concedes it took beneficial occupancy. [Ex. 4].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

33. The Government withheld the remaining $419,068 in Contract Balances as liquidated damages and asserted a claim against Cumberland for the remainder of approximately $65,322. [Ex. 9].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated, except to note that the then current contract balance of $416,477.42 was withheld..

34. In its August 14, 1998 Decision, the ASBCA ruled, among other things, that AEC was entitled to not less than a 74-day time extension for the period between March 3, 1991 through May 16, 1991, as a result of the delays attributable to the Government. [Ex. 4].

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

35. As such, the Government improperly withheld, at minimum, approximately $162,800.00 (74 days x $2,200.00/day) in liquidated damages, not including interest. [Ex. 4].

Defendant's Response

The defendant agrees that the board so concluded. Defendant challenged the board's factual determination in this regard on appeal and contends that the board's finding is neither binding nor instructive in the litigation pending before this Court.

36. The Government has not remitted any portion of the Contract Balances withheld as liquidated damages to either AEC or Cumberland.

Defendant's Response

The defendant agrees with Cumberland's proposed finding of fact as stated.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
(202) 307-0252
(202) 307-0972 (Fax)

Attorneys for Defendant

Of Counsel:
ELLEN M. EVANS
Senior Trial Attorney
Naval Facilities Engineering Command
720 Kennon St. SE, Rm. 136
Washington, D.C. 20374

Dated: March 5, 2008