# In the United States Court of Federal Claims

No. 94-366 C
(Filed June 4, 2008)

***********************************
CUMBERLAND CASUALTY & SURETY COMPANY *

Plaintiff, *

v. *

THE UNITED STATES, *

Defendant. *
***********************************

## ORDER FOR STATUS REPORT

Plaintiff's Motion for Extension of Time to Discovery Deadlines Set Forth in March 21, 2008 Order, filed June 2, 2008, refers to a March 3, 2004 Consent Order Appointing the Florida Department of Financial Services as Receiver for Purposes of Rehabilitation, Injunction and Notice of Automatic Stay, which as is asserted, operates as an automatic stay of certain actions involving plaintiff. It is further represented that "[p]laintiff's counsel is currently investigating whether the automatic stay [under Florida Statutes] is applicable to the instant action"; has reported the instant action to the Florida Receiver; is awaiting further instructions; and will immediately advise the court and defendant if it is determined that the automatic stay applies to this matter. These statements were made in previous motions for extension of deadlines for pretrial activity.

Notwithstanding the foregoing, plaintiff's Partial Motion for Summary Judgment was filed on December 21, 2007. That Motion does not mention whether the Receiver has been advised or whether any automatic stay applies. Plaintiff's Proposed Findings of Fact likewise does not refer to these matters. Neither Defendant's Response to Plaintiff's Proposed Findings of Fact filed March 5, 2008, nor Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment mentions the automatic stay or receivership matters. Plaintiff's Reply in Support of

Motion for Partial Summary Judgment filed March 24, 2008, is also silent. Despite the court's March 25, 2008 Order for counsel to "promptly" schedule oral argument requested by plaintiff in its December 21, 2007 Motion, no agreed-upon date or inability to reach agreement on a date has been reported to the court. The court has devoted considerable effort in drafting the resolution of that Motion, assuming that since plaintiff filed the Motion, appropriate authority to do so had been obtained. If plaintiff's Motion was, is, or will be stayed, the court should have been advised.

Accordingly, it is **ORDERED** that:

(1) Plaintiff shall file a Status Report on the automatic stay and the position of the Florida Department of Financial Services as Receiver regarding the proceedings before the undersigned, including the Motion for Partial Summary Judgment, on or before **June 11, 2008.**

(2) The Status Report shall also advise as to whether the Receiver should be substituted as plaintiff in this action.

(3) Defendant may file a Response to the Status Report on or before **June 16, 2008.**

(4) Pending the filing of the Status Report and any Response, Plaintiff's Partial Motion for Summary Judgment, filed December 21, 2007 and oral argument scheduling, is **STAYED**.

s/James F. Merow
James F. Merow
Senior Judge