IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CUMBERLAND CASUALTY & SURETY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | No. 94-366C<br>(Judge Merow) |

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's Order filed on June 4, 2008, Plaintiff Cumberland Casualty & Surety Company ("Cumberland"), sets forth herein its Status Report.

Plaintiff Cumberland has conferred with the Florida Department of Financial Services as Receiver for Purposes of Rehabilitation (the "Receiver") and advises that the Receiver has stepped into the shoes of Cumberland, and for all purposes herein is considered Cumberland. In this regard, Plaintiff has at all times acted with the authority of the Receiver as Cumberland. Moreover, since the Receiver is considered to be Cumberland, there exists no need, and the Receiver should not be substituted as Plaintiff in this action.

With regard to the automatic stay referenced in the March 3, 2004 Consent Order, Plaintiff advises that the stay is only applicable to matters against Cumberland. In the present action, Cumberland has initiated the lawsuit in an effort to recover funds justly due to Cumberland. Accordingly, the automatic stay does not apply.

Consistently, the automatic stay does not impact Plaintiffs' Motion for Partial Summary Judgment. Since the issuance of the Consent Order, the parties have had discussions regarding resolution of the instant matter. In this regard, the parties have continued to file motions for extensions of time to the discovery deadlines so that the parties could proceed with settlement discussions without the continued accrual of litigation costs. To facilitate these discussions, Plaintiff Cumberland, with the full knowledge, direction and authority of the Receiver, filed a Motion for Partial Summary Judgment, which is properly before the Court. The Motion should not be stayed, and Plaintiff requests that the Court schedule a hearing at its earliest convenience. The parties have previously attempted to confer and schedule the hearing on the Motion for Partial Summary Judgment but due to conflicts in schedule have thus far been unable to agree on a date. Currently, Plaintiff advised counsel for Defendant that it was amenable to scheduling the hearing on any date in June 2008. Due to travel and other conflicts, Defendants' counsel has advised that she is unavailable until after July 17, 2008. Counsel for Plaintiff will be out of the country from July 18, 2008 through July 29, 2008. Accordingly, Plaintiff requests the Court's assistance in scheduling the hearing on the Motion for Partial Summary Judgment.

Should the Court require any further information, Plaintiff will provide any such information at the Court's request, and is further available for any conference to further discuss these proceedings.

Dated: June 11, 2008

Respectfully submitted,

s/Robert G. Watt

Robert G. Watt, Esquire
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
rwatt@wthf.com
Tel: (703) 749-1000
Fax: (703) 893-8029

Counsel for Plaintiff
Cumberland Casualty and Surety Company

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 11th day of June 2008, I caused to be placed in the United States mail (first-class mail, postage paid) a copy of Plaintiff's Status Report to the following:

Leslie Cayer Ohta
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

/s Robert G. Watt
Robert G. Watt