IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CUMBERLAND CASUALTY & SURETY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | No. 94-366C<br>(Judge Merow) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO STATUS REPORT**

Plaintiff Cumberland Casualty & Surety Company ("Cumberland"), sets forth herein its Reply to Defendant's Response to the Status Report. Plaintiff is compelled to file this Reply due to the inaccurate statements set forth in Defendant's Response which go so far as to claim that a statement set forth in Plaintiff's Status Report "is patently false". Specifically, Defendant's now assert that Cumberland's statement that the motions for extension of time were filed, in part, so that the parties could proceed with settlement discussions is somehow false. Defendant's further erroneously state that the requests for extension have always been to investigate the applicability of the stay, and not that the parties were engaging in settlement negotiations.

A simple review of the pleadings in the matter belie Defendant's contentions. Since April 7, 2005, the Motions for Extension of Time to Discovery Deadlines, have always referenced as grounds therefore that "the parties have engaged in settlement discussions, and the extension will provide the parties an opportunity to attempt to

resolve this matter". Thus, contrary to Defendant's bald assertions, the issue of settlement discussions has been asserted in each motion since April, 2005.[1] Notably, further grounds have also been asserted in the Motions for Extension including, for example: (i) the medical condition of counsel for Plaintiff (see Plaintiff's Motion for Extension dated December 8, 2006); (ii) counsel's attachment for trial (see Plaintiff's Motion for Extension dated March 9, 2007); and (iii) Plaintiff's intent to file the partial Motion for Summary judgment to facilitate settlement (see Plaintiff's Motion for Extension dated December 4, 2007).

Additionally, the requests for extension of time have always been asserted with the express concurrence of, or without the opposition of, the Defendant.[2] Again, a review of the pleadings evidence that the majority of the Motions were filed after Plaintiff conferred with Defendant, and Defendant asserted no opposition to the motion. In fact, the only time Defendant filed an independent answer to any of the motions was on April 10, 2006, and the response was that Defendant had no objection to the granting of Plaintiff's Motion.

Finally, Cumberland asserts that, as set forth in its Status Report, in response to the Court's Order for Status Report, counsel for Cumberland conferred with the Florida Department of Financial Services as Receiver for Purposes of Rehabilitation to determine the status of the Receiver, the breadth and applicability of the stay, and the implications to the instant matter. Cumberland has addressed these issues in its Status Report.

---

[1] As a factual matter, counsel for Defendant met with representatives of Cumberland on October 18, 2006 in Tampa Florida in furtherance of settlement discussions.

[2] In at least one instance, counsel for Defendant requested Plaintiff to file the Motion for Extension.

Should the Court require further information, we are amenable to commence a conference at the Court's convenience.

Dated: June 13, 2008

Respectfully submitted,

s/Robert G. Watt

Robert G. Watt, Esquire
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
rwatt@wthf.com
Tel: (703) 749-1000
Fax: (703) 893-8029

Counsel for Plaintiff
Cumberland Casualty and Surety Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2008, the foregoing Plaintiff's Reply to Defendant's Response to Status Report was electronically filed with the Court which system will send notice of the filing and make an electronic copy of the foregoing Motion available to:

Leslie Cayer Ohta
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

/s Robert G. Watt
Robert G. Watt