IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CUMBERLAND CASUALTY & SURETY COMPANY, | ) | |
| Plaintiff, | ) | No. 94-366C |
| v. | ) | (Senior Judge James F. Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO THE GOVERNMENT'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

The United States respectfully requests that the Court, pursuant to Rule 37 of the Rules of the Court of Federal Claims (RCFC), order plaintiff, Cumberland Casualty & Surety Company (Cumberland), to respond to the Government's outstanding interrogatories and requests for production of documents within seven days of the Court's order. In view of the fact that the Government's discovery requests were served on October 25, 2004, almost four years ago, without any response whatsoever from Cumberland, we respectfully request that the time for Cumberland's response to this motion be shortened from 14 to seven days.

Undersigned counsel conferred with plaintiff's counsel regarding plaintiff's overdue discovery responses by letters dated November 13, 2006, March 10, 2008, March 14, 2008, and April 7, 2008. While Cumberland has sought numerous extensions of the discovery deadlines, Cumberland has neither sought a stay of proceedings nor an extension of time within which to respond to the Government's October 25, 2004 discovery requests.

Moreover, it is the Government's position that there is no discovery dispute because it is undisputed that the discovery requests were served; that Cumberland has not interposed any

objections to the discovery requests; that the discovery requests have not been responded to; and that Cumberland has not sought an extension of time within which to respond.

Cumberland apparent refusal to respond to the Government's discovery requests is unarguably in clear violation of RCFC 30(b)(3) and 34(b). Cumberland's discovery responses are over three years overdue. As previously mentioned, the Government served its discovery requests upon Cumberland by mail on October 25, 2004. Cumberland's responses, thus, were due no later than the end of November 2004. No extension of time has been requested or granted. Yet Cumberland has not answered the interrogatories or produced any of documents requested in the Government's outstanding discovery requests.

No authority of which we are aware permits a party simply not to respond, without Court permission, to duly served interrogatories and requests for production of documents for over three years years, as Cumberland has. The Government has little choice at this time but to request that the Court order Cumberland to cooperate in discovery. To avoid further unwarranted delay, we also respectfully request that the Court shorten to seven days Cumberland's time to respond to this motion.

## CONCLUSION

For the reasons stated above, the Government respectfully requests expedited consideration of this motion, and requests the Court to order Cumberland to serve its written discovery responses and produce the requested documents, absent a valid assertion of privilege, within seven days of the date of the order.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
(202) 307-0252
(202) 307-0972 (Fax)

Attorneys for Defendant

Dated: July 15, 2008