IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CUMBERLAND CASUALTY & SURETY COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 94-366C (Judge Merow) |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO THE GOVERNMENT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Cumberland Casualty & Surety Company, by counsel, hereby opposes Defendant the United States (hereafter, "Defendant" or the "Government")'s Motion to Compel, for the following reasons:

First, Defendant's Motion to Compel violates Rule 37(a)(2)(B) of the Rules of the Court of Federal Claims (RCFC) in that, notwithstanding the Government's reference to prior correspondence, the Government's motion is unsupported by a certified good faith attempt to confer with Plaintiff and secure the requested information or material without court action. In recent discussions regarding outstanding discovery issues, Plaintiff's counsel has consistently advised Government's counsel that it intends to comply with the Government's outstanding discovery requests and has expressed a willingness to set a reasonable timeline for resuming discovery. Defendants' Motion is unnecessary and could easily have been avoided with a telephone call.

Additionally, the Motion to Compel assumes a posture that is both incomplete and inconsistent with the history of the case. As the Government notes, the referenced discovery requests were served nearly four years ago, in October 2004, and discovery has been effectively stayed since that time. Following service of the Government's discovery requests, but before Plaintiff's responses became due, Plaintiff's counsel reached an agreement with the attorney that represented the Government at the time the discovery requests were served to stay discovery, including Plaintiff's response requirements, pending the resolution of various issues. In furtherance thereof, Plaintiff contemporaneously and thereafter filed successive unopposed motions to extend discovery dates, the most recent of which was granted on July 7, 2008. Prior to the instant motion, Defendant never opposed or objected to any of the successive motions nor filed a motion to compel discovery responses. As set forth in Plaintiff's June 11, 2008 Status Report and its related June 13, 2008 Reply, the unopposed motions for extensions were offered for a number of reasons, including among others, an informal agreement to avoid potentially unnecessary discovery pending resolution of Plaintiff's motion for partial summary judgment and to explore settlement possibilities.

In light of the foregoing circumstances, the assertions presented in the Motion to Compel, by Defendant's current attorney, that Plaintiff has never sought a stay of proceedings or an extension of time to respond nor raised any objection to discovery responses are disingenuous and simply ignore the history of discussions between counsel in this case and the related motions to stay. Tellingly, Defendant's have not asserted such a position in the nearly four years since the discovery responses were served because, among other things, the parties had agreed to essentially stay

discovery throughout settlement negotiations, as influenced by the resolution of Plaintiff's motion for summary judgment.

The instant Motion to Compel was a premature, unnecessary, excessive and unreasonable means of communicating Defendant's desire that the parties resume discovery. As Plaintiff's counsel has always advised Defendant's current attorney, Plaintiff is willing to proceed with discovery and to provide responses to Defendant's discovery requests. Plaintiff remains and has always remained willing to discuss recommencement of discovery in a manner that is reasonable under the circumstances. In light of the extreme age of the relevant facts—the Project was completed in October 1991—and the four years of relative inactivity in this case since the discovery requests were served, Plaintiff believes that a reasonable time for responding to Defendant's detailed discovery requests would be sixty (60) days. Notably, Defendant has neither argued nor demonstrated any prejudice that has resulted or would result from receipt of discovery responses at such time.[1]

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion be denied in its entirety, or, in the alternative, that the Court issue an Order setting the time for Plaintiff's responses to Defendant's outstanding discovery requests to become due at sixty (60) days from the date of the Court's Order; that the Court deny any further relief to Defendant; and that the Court award Plaintiff such further relief as is just and proper under the circumstances.

[1] Significantly, extensive discovery was already conducted and completed in the prior litigation of this case before the ASBCA.

**Dated: August 1, 2008**

Respectfully submitted,

s/Robert G. Watt

Robert G. Watt, Esquire
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
rwatt@wthf.com
Tel: (703) 749-1000
Fax: (703) 893-8029

Counsel for Plaintiff
Cumberland Casualty and Surety Company

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 1st day of August 2008, I caused to be placed in the United States mail (first-class mail, postage paid) copies of Plaintiff's Opposition to Motion to Compel Responses to the Government's Interrogatories and Requests for Production of Documents to the following:

Leslie Cayer Ohta
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

/s Robert G. Watt
Robert G. Watt