# In the United States Court of Federal Claims

No. 94-366 C
(Filed September 12, 2008)

| | |
|---|---|
| CUMBERLAND CASUALTY & SURETY COMPANY | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## ORDER

Defendant filed a Motion to Compel on July 15, 2008, seeking responses to outstanding interrogatories and request for production of documents served more than three years ago. Plaintiff Cumberland Casualty & Surety Company ("Cumberland") filed its Opposition on August 1, 2008, pointing out the numerous consented extensions of time in this matter due, in part, to the appointment of a receiver for Cumberland as well as the pursuit of settlement possibilities. Also, following these lengthy delays, Cumberland filed a motion for summary judgment asserting that prior proceedings before the ASBCA precluded relitigation of factual issues also at issue before the undersigned. That motion was recently denied and as a result, factual issues long dormant have resurfaced. Cumberland states its full intention to respond to discovery and points out that a telephone call could have avoided the necessity for a motion. Cumberland also suggests that the recent change of counsel for defendant may have precipitated the "unnecessary, excessive and unreasonable means of communicating Defendant's desire that the parties resume discovery" in contravention of prior cooperation and understandings that discovery was essentially stayed. (Pl.'s Opp'n to Mot. to Compel 3.) Cumberland also points out that there was extensive discovery in prior litigation before the ASBCA, and the government has not suggested any prejudice because of the consented delays. It is noted that defendant

did not respond to plaintiff's indications that the requested discovery was now available. If the parties resumed cooperation and resolved any disputes concerning long-outstanding discovery requests, further action by the court on the Motion to Compel may not be required.

Accordingly, it is **ORDERED**:

(1) That the parties confer and file, on or before **September 30, 2008,** a Joint Status Report concerning the matters addressed in defendant's Motion to Compel;

(2) The Report shall indicate whether any specific unresolved discovery issues remain for resolution; and

(3) If any remain for resolution, the Report shall set forth the substance of outstanding interrogatories or request for production of documents and any responses or objections thereto.

s/James F. Merow
James F. Merow
Senior Judge